*May*, 1820.                    Sossamon *against* Gamble.

Omission of a-       DEBT in Superior court of *Washington* county.  Declara-
verment that de-  tion after its title proceeds, "*James C. Gamble* complains of
fendant is in
custody, or of   *John F. Sossamon* for that " whereas the said *John F. Sossa-*
recital of nature  *mon* on," &c. setting out the date and amount of the note, &c.
of action, bad on  in the usual form.   Special demurrer because declaration
special demur-
rer.              does not alledge that defendant is in custody—declaration
does not pursue the writ—there is no positive averment, but
the whole is by way of recital—joinder in demurrer—de-
murrer over-ruled, and Judgment for plaintiff.   *Sossamon*
here assigns as error, the matters of the demurrer.

The Chief Justice delivered the opinion of the court.

This being a special demurrer, brings into question defects
as to matters of form.   In the court of King's Bench it is not
necessary that there should be an original writ in every case,
but it must be averred that defendant is in custody, whe-
ther he be in the actual or supposed custody of the marshal.
In this State he must be actually arrested, or some part of
his estate attached by process, in every case, before he can
be required to answer the plaintiff's action.   It seems then
that this averment should be made in the declaration.   We
cannot discover, either from the forms, or doctrine of prac-
tice, in the King's Bench or Common Pleas in England, but
that this, or some averment equivalent thereto, has ever
been considered necessary.

The declaration does not pursue the writ.   The ancient
practice was to repeat the whole original writ in the declara-
tion.   By the modern practice the recital of the writ is dis-
pensed with, except as to the nature of the action.   1 Saund.
318, note 3—2 Chitty's Pl. 141—Com. D. Pleader, 2 W. 7, 8.
In this case there was no recital of the writ, nor of the nature

of the action. We are of opinion that the Court below erred in over-ruling the demurrer.

Let the Judgment be reversed.

*Crawford* and *Hitchcock* for plaintiff—*J. Pickens* for defendant in error.